IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| HAKEEM MANNIE, | ) |
| --- | --- |
| Petitioner, | ) |
| | ) |
| v. | ) NO. 3:19-cv-00632 |
| | ) |
| UNITED STATES OF AMERICA, | ) JUDGE RICHARDSON |
| | ) |
| Respondent | ) |

## MEMORANDUM OPINION

Petitioner, Hakeem Mannie, commenced this action by filing a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence (Doc. No. 1, "Petition"). Via the Petition, he seeks to overturn his conviction on one of the six counts to which he pled guilty in his underlying criminal case (No. 3:18-cr-00192-2). He thus also necessarily seeks vacatur of the 84-month sentence imposed on that count to run consecutively to the sentence imposed on the other five counts. And presumably, though not expressly, he seeks a resentencing on all other counts as well.

For the reasons stated herein, the Petition will be DENIED without an evidentiary hearing, and this action will be DISMISSED.

## BACKGROUND

Petitioner was charged in the first six counts of a seven count indictment. In those six respective counts, Petitioner was charged with: Conspiracy to Commit a Hobbs Act Robbery, in violation of Title 18 U.S.C. § 1951(a), between on or about June 22 and June 27, 2018 (Count 1), Hobbs Act Robbery, in violation of Title 18 U.S.C. § 1951, on or about June 26, 2018 (Count 2), Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of Title 18 U.S.C. § 924(c), on or about June 26, 2018 (Count 3), Theft of Firearms from

a Federal Firearms Licensee, in violation of Title 18 U.S.C. § 922(u), on or about June 26, 2018 (Count 4), Receiving, Possessing, and Concealing a Stolen Firearm, in violation of Title 18 U.S.C. § 922(j), on or about June 26, 2018 (Count 5), and Possession of a Firearm Subsequent to a Felony Conviction, in violation of Title 18 U.S.C. § 922(g)(1), between on or about June 26 and June 27, 2018 (Count 6). (R. 37).[1] On each of the first five counts, Petitioner was charged jointly with two co-defendants, and on Count Six he was charged alone.

The Petition concerns, Count Three, and only Count Three, in particular. That count alleged that Petitioner and his two co-defendants violated 18 U.S.C. § 924(c)(1)(A) by using, carrying, and brandishing a firearm during and in relation to two crimes of violence: "Robbery Affecting Interstate Commerce, as charged in Count Two of this Indictment, and Conspiracy to Commit Robbery Affecting Interstate Commerce, as charged in Count One of this Indictment." (*Id.* at 2).

On October 1, 2018, Petitioner pleaded guilty to all six counts without a plea agreement. (R. 52). During the plea hearing, the Court advised Petitioner regarding the elements of the crimes to which he was pleading guilty. The Court specifically noted, with respect to Count Three, that the Government would have to prove that "the use and carrying [of] a firearm was during and in relation to a specified crime of violence, here, a Hobb's [sic] Act robbery, as alleged in Count Two." (R. 58 at 7). Later, in presenting the factual basis for the plea, the testifying agent described the completion of a robbery of Music City Pawn Store on June 26, 2018 (rather than a mere inchoate conspiracy to commit robbery), at which Petitioner and his co-defendants fled with 11 firearms and approximately $8,000 cash. (*Id.* at 18-22). Among other things, the agent described, how, upon the defendants racing into the store, one of Petitioner's co-defendants pointed a pistol

---

[1] References below to "R." are to the docket numbers in the underlying criminal case, No. 3:18-cr-00192, over which the undersigned did not preside at any point.

at the clerks and ordered them to the grounds, whereupon the defendants ran amuck in the store. (*Id.* at 19). Closing the loop on the requirement for Hobbs Act robbery that the robbery "obstruct or affect commerce or the movement of any article or commodity in commerce," 18 U.S.C. § 1951(a),[2] the agent testified that the stolen "firearms were in the Music City Pawn's business inventory and had shipped—had been shipped and transported in interstate commerce," (*id.*), and described activities of Music Pawn that made it "a business that operates in interstate commerce." (*Id.* at 21).

After the agent concluded his providing of the factual basis, Petitioner confirmed that he had heard it and that there was "[n]othing" in it that he disagreed with or thought was incorrect. (*Id.* at 23). The Court then accepted Petitioner's guilty plea on all six counts.

On January 25, 2019, the Court sentenced Petitioner to serve 92 months' imprisonment on Counts One, Two, Four, Five, and Six, to run consecutively to 84 months' imprisonment on Count Three, for a total term of 176 months' imprisonment.

Thereafter, Petitioner did not appeal. On July 25, 2019, he filed the Petition *pro se*, wherein he makes a single claim. Specifically, he asserts that he "is actually innocent of the 924(c) Hobbs

---

[2] The so-called Hobbs Act provides, in pertinent part:

(a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by **robbery** or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

(b) As used in this section—

(1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(a)-(b)(1) (emphasis added).

Act conspiracy count [because] he is entitled to retroactive application of the Supreme Court *Davis* decision, because [he] was charged under 18 U.S.C. [§] 1951 and 18 U.S.C. [§] 924(c)(3)(B)." (Doc. No. 1 at 4). This cursory description of his claim was all that Petitioner put forward in support of his Motion; Petitioner did not in any way elaborate on or explain this claim.[3]

The Court grasped the gist of the claim, however. Petitioner is referring to his conviction on Count Three, which, as noted above, was predicated on his co-defendant's using and brandishing a firearm during and in relation to two "crimes of violence": conspiracy to commit Hobbs Act robbery, and Hobbs Act robbery.[4] The definition of "crime of violence" for purposes of Section 924(c)(1)(A) is set forth in Section 924(c)(3), in two parts. The first part, 18 U.S.C. § 924(c)(3)(A), is generally referred to as Section 924(c)'s "force" or "elements" clause.[5] The second part, 18 U.S.C. § 924(c)(3)(B), is generally referred to as Section 924(c)'s "residual clause."[6]

In *United States v. Davis*, 139 S. Ct. 2319, 2336, 204 L. Ed. 2d 757 (2019), the Supreme Court held that the residual clause is unconstitutionally vague. Thus, any conviction under Section

---

[3] The Court does not mean to criticize Petitioner for this. To the contrary, it is perfectly acceptable that he presented the claim in a concise fashion the best way he knew how. As an unrepresented layperson, the Court would not expected him to provide the kind of written analysis experienced counsel might have provided on behalf of a client making the same argument. And Petitioner is, frankly, to be commended for not wasting the Court's time with irrelevant banter or misguided analysis. He stated his claim in a way the Court could understand and address. Ultimately, the problem for Petitioner is not in how his claim was presented, but rather in the fact that, for the reasons set forth herein, *Davis* simply is not grounds for relief here. In this regard, the Court notes that appointment of counsel would have been futile, and for this reason Petitioner's separate motion to appoint counsel (Doc. No. 10) will be denied.

[4] As no one has ever disputed, Petitioner is criminally liable for the actions of his co-defendant that were in violation of Section 924(c)(1)(A), because co-defendant was Petitioner's co-conspirator. Notably, the sentencing court concluded that Petitioner's co-defendant "brandished" (as opposed to merely "used") the pistol, thus raising the mandatory minimum (consecutive) sentence to 84 months.

[5] This subparagraph defines "crime of violence" to include a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" 18 U.S.C. § 924(c)(3)(A).

[6] This subparagraph defines "crime of violence" to include a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(A).

924(c)(1)(A) committed during and in relation to a crime that qualified as a "crime of violence" only under the residual clause is constitutionally infirm. Thus, to sustain a conviction under Section 924(c)(1)(A), the predicate "crime of violence" must be a crime of violence as define by the force clause in particular. It appears that Petitioner claims that his conviction on Count Three was predicated only on a crime (or crimes) that constitute a "crime of violence" only under the residual clause, and not the force clause.

Thus perceiving Petitioner's claim, the Court ordered the Government to file a response and to address therein several issues the Court believed implicated (or possibly implicated) by the Petition. (Doc. No. 4). The Government thereafter filed its response in opposition to the Petition. (Doc. No. 12).

## LEGAL STANDARD

To prevail on a § 2255 motion, a petitioner must demonstrate that the court imposed the sentence in violation of the Constitution, the court was without jurisdiction to impose such a sentence, the sentence was more than the maximum sentence authorized by law, or the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255 (2018). Section 2255 requires "a hearing on such allegations unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Fontaine v. United States*, 411 U.S. 213, 215 (1973) (internal quotation marks omitted); *Ray v. United States*, 721 F.3d 758, 760-61 (6th Cir. 2013); *see also Dagdag v. United States*, No. 3:16-cv-364-TAV, 2019 WL 2330274, at *1 n.1 (E.D. Tenn. May 31, 2019) (internal quotation marks omitted) (citing *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)) ("[W]here the record conclusively shows that the petitioner is entitled to no relief, a hearing is not required.").

A petitioner is not entitled to an evidentiary hearing if he has not alleged any facts that, if true, would entitle the petitioner to federal habeas relief. *See McSwain v. Davis*, 287 F. App'x 450, 458 (6th Cir. 2008). Even when material facts are in dispute, an evidentiary hearing is unnecessary if the petitioner is conclusively entitled to no relief. *See Amr v. United States*, 280 F. App'x 480, 485 (6th Cir. 2008). "Stated another way, the court is not required to hold an evidentiary hearing if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.; accord Arredondo*, 178 F.3d at 782. The decision whether to hold an evidentiary hearing is one committed to the sound discretion of the district court. *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) ("A decision not to hold an evidentiary hearing on a motion for relief under 28 U.S.C. § 2255 is reviewed for abuse of discretion.").

The applicable rules address what the district court may (and must) consider in determining whether to order an evidentiary hearing, where (as here) the motion is not dismissed under Rule 4(b) based on the district court's initial review:

> If the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

Rule 8(a), Rules Governing Section 2255 Proceedings. In this case, the record has not been expanded with materials under Rule 7.

## DISCUSSION

Count Three alleged two predicate crimes (conspiracy to commit Hobbs Act robbery and Hobbs Act robbery) in the conjunctive, *i.e.*, separated by "and." Nevertheless, the Government prevails on such a count if it proves *either* of the two predicate crimes; it need not prove both. *See United States v. Perry*, 560 F.3d 246, 256 (4th Cir. 2009) ("The indictment charged [two] predicate

offenses, placing Perry on notice of the specific charges against him. However, the § 924(c) count was not dependent upon the jury finding Perry guilty of *both* predicate offenses. In order to convict Perry of a § 924(c) crime, the government was only required to prove that Perry possessed a firearm in furtherance of a single[predicate] offense[.]") (emphasis in original); *see also United States v. Scott*, No. 99-4299, 2000 WL 274966, *1 (4th Cir. Mar. 14, 2000). Thus, the Government could prevail on Count Three by proving only that Petitioner used and brandished a firearm during and in relation to the crime of Hobbs Act robbery alleged in Count Two—provided, that is, that Hobbs Act robbery constitutes a crime of violence by virtue of the elements clause.[7] As the Sixth Circuit summarize the situation:

> [T]he Supreme Court [has] addressed the validity of § 924(c)'s residual clause head-on, holding that the clause is, in fact, unconstitutionally vague. *United States v. Davis*, ––– U.S. –––, 139 S. Ct. 2319, 2336, 204 L.Ed.2d 757 (2019). But *Davis* does not gut the entire statute. To the contrary, *Davis* leaves intact a separate definition of crime of violence supplied by the statute's "elements clause." *See* § 924(c)(3)(A). That clause defines "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.*
>
> With the residual clause now gone, we can uphold Richardson's conviction and sentence under § 924(c) only if the statute underlying his conviction—aiding and abetting Hobbs Act robbery—satisfies § 924(c)'s elements clause.

*United States v. Richardson*, 948 F.3d 733, 741 (6th Cir. 2020).

And in fact Hobbs Act robbery does constitute a "crime of violence" under the elements clause. As Judge Trauger from this district put it not long ago:

> [T]he Sixth Circuit has joined the circuit court consensus in holding that Hobbs Act robbery is categorically a crime of violence under 18 U.S.C. § 924(c), *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017), regardless of whether the defendant is the principal perpetrator or the aider and abettor of the robbery. *United States v. Richardson*, 906 F.3d 417, 426 (6th Cir. 2018). *See also In re:*

---

[7] The Government concedes that proving the predicate crime of conspiracy to commit Hobbs Act robbery would do it no good, as that crime constitutes a "crime of violence" for purposes of Section 924(c)(1)(A) only under the residual clause and therefore post-*Davis* cannot support a conviction for violation of Section 924(c)(1)(A).

*Gordon*, No. 18-3449, 2018 WL 3954189, at *1 (6th Cir. Aug. 14, 2018) ("Even if the Supreme Court had announced that [§ 924(c)(3)(B) is unconstitutionally vague, as it later did in *Davis*], that rule has no effect on Gordon's case because his convictions for Hobbs Act robbery qualify as crimes of violence under § 924(c)(3)(A) as offenses having "as an element the use, attempted use, or threatened use of physical force against the person or property of another.").

*United States v. Schroeder*, No. 3:10-CR-00247-2, 2019 WL 134004, at *2 (M.D. Tenn. Jan. 8, 2019). The Sixth Circuit recently reaffirmed *Gooch* in *Richardson:*

> [W]e have held that the principal offense of Hobbs Act robbery is a crime of violence under that clause. [*Gooch*, 850 F.3d at 292]. In *Gooch*, we explained that the Hobbs Act is a divisible statute that creates two separate offenses, Hobbs Act extortion and Hobbs Act robbery. *Id.* at 291. And we concluded the latter offense is categorically a crime of violence under § 924(c). *Id.* at 292.

*Richardson*, 948 F.3d at 741. *Richardson* went on to reaffirm the validity of *Gooch*, noting that *Gooch* applied even where the conviction for Hobbs Act robbery was based on an aiding and abetting theory. *Id.* at 741-42. In short, without question Hobbs Act robbery is a valid predicate crime for a conviction under Section 924(c)(1)(A).

This leaves Petitioner with one final potential argument. He conceivably could claim that he was not, or at least not properly, convicted via his guilty plea based on the predicate crime of Hobbs Act robbery. That is, he could claim either that the Government did not establish a factual basis for Hobbs Act robbery or that, even if it did, the Court actually accepted the plea of guilty based only on Petitioner's guilt on conspiracy to commit Hobbs Act robbery and not Hobbs Act robbery. But either such argument would be without merit.

At the plea hearing, the Court noted the elements of Hobbs Act robbery:

Count Two, the elements are that—this is the Hobb's Act robbery count, that the defendant obtained property from the person or presence of another against the person's will, did so with the use of actual or threatened force, and that as a result of the defendant's actions, interstate commerce, or an item moving in interstate commerce was actually or potentially delayed, obstructed or affecting—affected in any way or degree.

(R. 58 at 7). The factual basis provided by the Government clearly established each of these elements, Indeed, the Court later affirmed that there was a factual basis for the plea, but which it unquestionably meant a factual basis as to each of the six counts, including Counts Two and Three. As to Count Three, the Court did not specifically say which of the two alleged predicate "crime of violence" it was relying on. But this Court can say conclusively from an independent review of the record—and without placing any burden on Petitioner to show otherwise—[8]that the Court predicated its acceptance of Petitioner's guilty plea to Count Three upon Hobbs Act robbery as charged in Count Two, and not only (if at all) conspiracy to commit Hobbs Act robbery as charged in Count One. This reality is undeniable from the record: Count Three was specifically predicated on Count Two (as well as Count One); the Court found a factual basis for, and accepted, a plea of guilty as to Count Two; and in describing what was required for the Government to prevail on Count Three, the Court referred *only* to Count Two.

---

[8] On the issue of this burden, the Court must reject the Government's analogization of this case to *Potter v. United States*, 887 F.3d 785 (6th Cir. 2018). The Government's reference, and attempt to analogize, to *Potter* is too cursory; it would have behooved the Government to walk through this analogy in greater detail if it intended the Court to rely on it. However, the Court can glean that the Government appears to be noting that *Potter* involved a Section 2255 petitioner challenging the application of the Armed Career Criminal Act (ACCA) on the grounds that the ACCA was applied based on counting a prior conviction as one for "crime of violence" based solely on its fitting within the residual clause of the ACCA, which (in *Johnson v. United States*, 135 S. Ct. 2551 (2015)) was declared unconstitutional just as the residual clause of Section 924(c)(3) was later declared unconstitutional in *Davis*. (Doc. No. 12 at 6). The Government notes that under *Potter*, such a petitioner bears a burden of showing that the sentencing court did in fact rely on the ACCA's residual clause. (*Id.*) The Government implicitly invites the Court to apply the same approach to this case, involving Section 924(c)(3)'s residual clause.

That invitation is fair enough. The problem is that the Government strongly implies—without exactly saying point-blank—that the particular burden *Potter* placed on a petitioner to show that the sentencing court relied on the residual clause applies regardless of whether the Section 2225 petition is an "initial or second and successive" petition. (*Id.*) This is implication is simply wrong. *See Raines v. United States*, 898 F.3d 680, 686 (6th Cir. 2018) ("*Potter* stands for the proposition that a 28 U.S.C. § 2255 movant seeking relief under Johnson must show 'evidence that the district court relied only on the residual clause in' making the ACCA determination under attack if (1) *the movant is bringing a second or successive motion* and (2) there is evidence that the movant was sentenced under a clause other than the residual clause[.]") (emphasis added). Accordingly, although accepting the Government's assertion that a Section 22255 petitioner bears the burden of showing his entitlement to relief as a general matter, (Doc. No. 12 at 6), the Court rejects the implication that on this initial Section 2255 petitioner, Petitioner here bears the specific burden of showing that the district court relied only on the residual clause in finding that the Section 924(c)(1)(A) violation was based on a statutorily designated predicate offense.

## CONCLUSION

Petitioner's conviction on Count Three, for a violation of Section 924(c)(1)(A), unquestionably was predicated on a "crime of violence" as defined by the elements clause. Thus, *Davis* affords Petitioner no grounds for relief,[9] and that conviction is not constitutionally infirm.

For this reason, Petitioner's claim neither has merit nor entitles him to an evidentiary hearing. Thus, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) will be DENIED, and this action will be DISMISSED.

An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[9] Given its rejection of Petitioner's claim on the merits, the Court need not address the Government's antecedent argument that Petitioner procedurally defaulted the claim.